**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Gorilla Companies LLC, et al., | No. CV-10-01029-PHX-DGC |
| Debtors. | No. AP-09-00266-RJH |
| | No. BK-09-02898-RJH |
| | No. BK-09-02901-CGC |
| | No. BK-09-02903-GBN |
| Robb M. Corwin; Jillian C. Corwin; and 13 Holdings, LLC, | No. BK-09-02905-CGC |
| Appellants, | **ORDER** |
| vs. | |
| Gorilla Companies LLC, et al., | |
| Appellees. | |

Robb and Jillian Corwin are the sole owners of 13 Holdings, LLC. In June 2007, 13 Holdings sold the assets of an event-management company to Gorilla Companies LLC in exchange for an immediate cash payment, one million shares of Gorilla stock, a promissory note for $1.5 million, and a second note that could pay up to $6 million depending on Gorilla's performance. In early 2008, Gorilla made a large payment to 13 Holdings as a prepayment on the second note. A dispute arose later that year regarding the amount that 13 Holdings should receive under the second note.

Gorilla filed suit against the Corwins and 13 Holdings in state court. *See Gorilla Cos. LLC v. Corwin*, No. CV2008-032847 (Ariz. Super. Ct. Dec. 23, 2008). The case was removed to the bankruptcy court after Gorilla filed chapter 11 bankruptcy on February 20,

2009. *Gorilla Cos. LLC v. Corwin*, No. AP-09-00266-RJH (Bankr. Ariz. Mar. 10, 2009). Mr. Corwin and 13 Holdings subsequently filed proofs of claim in the bankruptcy proceedings. The trial was held on November 23 and 30, 2009. On March 22, 2010, the bankruptcy court entered final judgment in favor of Gorilla, awarding Gorilla more than $4.7 million in damages and nearly $1.8 million in attorney fees and costs. *Id.*, Dkt. #332. The Corwins and 13 Holdings then brought this appeal from the final judgment pursuant to 28 U.S. § 158. Dkt. #1.

Appellants have filed a motion to bifurcate issues on appeal. Dkt. #9. They argue that before deciding substantive challenges to the bankruptcy court's judgment, the Court should first decide whether the bankruptcy court erred in finding Gorilla's claims to be "core" proceedings. *Id.* The motion is fully briefed. Dkt. ##18, 19. For reasons stated below, the Court will grant the motion.[1]

"The bankruptcy court is empowered by 28 U.S.C. § 157(b)(1) to hear and finally determine 'core proceedings arising under title 11, or arising in a case under title 11.'" *In re Marshall*, 600 F.3d 1037, 1040 (9th Cir. 2010). While the bankruptcy court may, under 28 U.S.C. § 157(c)(1), hear non-core proceedings that are otherwise related to a case under title 11, "it may not issue final orders or judgments." *In re Vylene Enters., Inc.*, 968 F.2d 887, 889 (9th Cir. 1992). Instead, the bankruptcy judge submits proposed findings of fact and conclusions of law to the district court, "and any final order or judgment shall be entered by the district judge[.]" 28 U.S.C. § 157(c)(1); *see In re Marshall*, 600 F.3d at 1054 (the responsibility to "determine" a non-core proceeding "always remains with the district court").

The determination whether Gorilla's claims are core or non-core is "central to the disposition of this case and will affect the manner in which [the Court's] analysis proceeds." *In re Marshall*, 600 F.3d at 1050. If the Court determines that Gorilla's claims constitute

---

[1] Appellants' request for oral argument is denied because the parties have briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 non-core proceedings otherwise related to the bankruptcy, then the bankruptcy court's final judgment must be vacated and the case remanded for submission of proposed findings of fact and conclusions of law. *See In re Vylene*, 968 F.2d at 889. The Court will then enter final judgment "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1); *see* Fed. R. Bankr. P. 9033(d). If, on the other hand, the Court finds the bankruptcy court's core/non-core determination to be correct, then the "bankruptcy court's findings of fact are reviewed for clear error and its application of the legal standard is reviewed de novo." *In re Nys*, 446 F.3d 938, 943 (9th Cir. 2006); *see In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990); Fed. R. Bankr. P. 8013. Because the distinction between core and non-core proceedings "has a significant impact on the standard of review that is [to] be applied" by the Court, *Herrans v. Mender*, 364 B.R. 463, 468 (D.P.R. 2007), and because reversal of the bankruptcy court's core/non-core determination will result in the final judgment being vacated and the case remanded, the Court finds that bifurcation of issues is appropriate.

Gorilla contends that Appellants "lost their opportunity to challenge the core/non-core status of Gorilla's claims" when they failed to raise the issue in their motion to withdraw reference. Dkt. #18 at 12. Gorilla cites no legal authority in support of this apparent waiver argument. Moreover, the motion to withdraw explicitly argued that Gorilla's claims are non-core. Dkt. #2, No. CV-09-02239-PHX-DGC (Oct. 26, 2009). Appellants have not waived their core/non-core argument.

Gorilla asserts that the law disfavors piecemeal appeals. Dkt. #18 at 15-17. Appellants note, correctly, that the cases cited by Gorilla involve interlocutory appeals, not bifurcation of issues on appeal. Dkt. #19 at 4. Considering first whether the bankruptcy court had authority to enter final judgment makes eminent sense and does not result in an improper "piecemeal" appeal.

**IT IS ORDERED:**

1. Appellants' motion to bifurcate appeal (Dkt. #9) is **granted**.

2. The parties shall first address whether the bankruptcy court erred in finding Gorilla's claims to be core and entering final judgment. Appellants shall file an opening brief on this issue by **July 16, 2010**. The response brief is due **July 30, 2010**, and the reply **August 6, 2010**. The opening and response briefs shall not exceed 10 pages each, and the reply is limited to 5 pages.

3. The Court, if necessary, will set a separate briefing schedule on remaining issues after it rules on the core/non-core issue.

Dated this 5th day of July, 2010.

_____
David G. Campbell
United States District Judge