**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Gorilla Companies LLC, et al., ) | No. CV-10-1029-PHX-DGC |
| Debtors. ) | No. AP-09-00266-RJH |
| _____ ) | No. BK-09-02898-RJH |
| ) | No. BK-09-02901-CGC |
| ) | No. BK-09-02903-GBN |
| Robb M. Corwin; Jillian C. Corwin; and ) | No. BK-09-02905-CGC |
| 13 Holdings, LLC, ) | |
| Appellants, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Gorilla Companies LLC, et al., ) | |
| Appellees. ) | |

Pursuant to this Court's order granting a bifurcated appeal (Doc. 21), the parties have briefed the issue of whether the bankruptcy court erred in adjudicating as a "core proceeding" counterclaims made by Appellee Gorilla Companies LLC ("Gorilla"). This is the only issue before the Court on this portion of the appeal, and it has been fully briefed. Docs. 22, 26, 29. For the reasons that follow, the Court finds that the adjudication was appropriately deemed a core proceeding by the bankruptcy court.[1]

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.   Background.**

Robb and Jillian Corwin are the sole owners of 13 Holdings, LLC. The Corwins and 13 Holdings will be referred to collectively as the "Corwin Parties." In June 2007, 13 Holdings and Gorilla entered into an Asset Purchase Agreement under which 13 Holdings sold the assets of an event-management company to Gorilla in exchange for an immediate cash payment, one million shares of Gorilla stock, a promissory note for $1.5 million, and a second note that could pay up to $6 million depending on Gorilla's performance (the "Seller Note"). In early 2008, Gorilla made a large payment to 13 Holdings on the Seller Note. A dispute later arose regarding the amount owed under the Seller Note.

Gorilla filed suit against the Corwin Parties in state court. *See Gorilla Cos. LLC v. Corwin*, No. CV2008-032847 (Ariz. Super. Ct. Dec. 23, 2008). The Corwin Parties filed counterclaims. The case was removed to the bankruptcy court after Gorilla filed for chapter 11 bankruptcy protection on February 20, 2009. *Gorilla Cos. LLC v. Corwin*, No. AP-09-00266-RJH (Bankr. Ariz. Mar. 10, 2009). The Corwin Parties subsequently filed proofs of claim in the bankruptcy proceedings that mirrored their state-court counterclaims, and Gorilla responded with counterclaims that mirrored its state-court claims.

On March 22, 2010, the bankruptcy court issued a judgment in which it adjudicated the proofs of claim filed by the Corwin Parties and the state law counterclaims brought by Gorilla. Doc. 23-1 at 4; Doc. 22 at 7-8. The bankruptcy court ruled against the Corwin Parties. The bankruptcy court framed the March 22 adjudication as a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (C), and treated the Gorilla claims as "compulsory counterclaims to the Corwin Proof of Claims." Doc. 23-1 at 4.

**II.   Analysis.**

On appeal, a federal district court reviews issues of law from a bankruptcy court *de novo* and factual findings for clear error. *In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004). A bankruptcy court can hear and decide, *inter alia*, "all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). A proceeding is core if it falls within 28 U.S.C. § 157(b)(2), if it is "at the core of federal bankruptcy power," and if a

- 2 -

1  binding decision by a bankruptcy judge does not violate Article III of the U.S. Constitution.
2  28 U.S.C. § 157(b)(2); *see Piombo Corp. v. Castlerock Props. (Castlerock)*, 781 F.2d 159,
3  162 (9th Cir. 1986); *see generally N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458
4  U.S. 50 (1982). Counterclaims asserted in response to a proof of claim constitute "core
5  proceedings" under 28 U.S.C. § 157(b)(2)(C) if the counterclaims are "necessary
6  precursor[s] to the resolution of [the proof of claim]," *In re Marshall*, 600 F.3d 1037, 1040
7  (9th Cir. 2010), and if they are raised after the proof of claim was filed, *Castlerock*, 781 F.2d
8  at 160-62.

### A. The Corwin Proofs of Claim.

This case differs from *Castlerock* procedurally, and the distinction makes a difference. In *Castlerock*, a state law contract action between Castlerock and Piombo was stayed when Castlerock filed a Chapter 11 bankruptcy petition. *Castlerock*, 781 F.2d at 160. In the bankruptcy action, Castlerock asserted several state law counterclaims against Piombo, and Piombo moved to sever. *Id*. The bankruptcy judge denied both of Piombo's motions, after which Piombo filed an answer to the counterclaims and filed a proof of secured claim as a defensive measure. *Id*. The bankruptcy judge ultimately tried the Piombo proof of claim and Castlerock's counterclaims, found for Castlerock, and Piombo appealed. *Id*. The Ninth Circuit ruled in favor of Piombo because, *inter alia*, the proceeding was not core under § 157(b)(2)(C). Castlerock's counterclaims were filed before Piombo filed its proof of claim and therefore failed to fall within the traditional procedural posture of "counterclaims" to which § 157(b)(2)(C) applies. *Castlerock*, 781 F.2d at 161-62 (deciding that Castlerock's counterclaims did not "fall[] within the [§ 157(b)(2)(C)] provision" because "[t]he counterclaims were asserted before the Proof of Claim was filed").[2]

Here, the Corwin Parties asserted proofs of claim against the Gorilla bankruptcy

---

[2] Insofar as the Corwin Parties argue that this Court must apply a fairness test under *Castlerock* to determine whether Gorilla's counterclaims satisfy § 157(b)(2)(C), this Court disagrees. The unfairness mentioned in *Castlerock* appears to have arisen from the unique procedural posture of that case, a posture that does not exist here.

- 3 -

estate. Only then did Gorilla counterclaim. The bankruptcy court did not assert jurisdiction over the counterclaims before the proofs of claim were filed.

The Corwin Parties argue that their proofs of claim track their own counterclaims in state court and that the proofs of claim are therefore noncore due to the constitutional concerns cited in *Marathon*. The Corwin Parties cite *In re Kamine/Besicorp Allegany, L.P.*, 214 B.R. 953 (Bankr. D.N.J. 1997), for this proposition, but *Allegany* does not provide the needed support. In *Allegany*, the district court had decided that the creditor's claims were noncore prior to the creditor filing a new proof of claim; in essence, the proof of claim attempted to obtain core jurisdiction where none existed. *Id.* at 954-55. There was no similar jurisdictional maneuvering in this case.

The Corwin Parties have cited no Ninth Circuit law holding that prepetition state-law claims can never constitute core claims against a bankruptcy estate. Congress specifically provided that a claim cannot be deemed noncore merely because it involves an issue of state law. *See* 28 U.S.C. § 157(b)(3). The Corwin Parties have not shown that their proofs of claim fall substantively outside the bankruptcy court's core jurisdiction.[3]

**B.   The Gorilla Counterclaims.**

A counterclaim to a proof of claim can be adjudicated as a core proceeding under § 157(b)(2)(C) if it is a "necessary precursor to the resolution of [a proof of claim] against the bankruptcy estate." *Marshall*, 600 F.3d at 1040. The mere fact that the counterclaim is compulsory is not controlling. *Id.* at 1058.

In *Marshall*, Pierce Marshall brought a proof of claim against Vickie Lynn Marshall's bankruptcy estate, alleging that she and her attorneys defamed him. *Id.* She counterclaimed that Pierce Marshall tortiously interfered with her "expectation that she would inherit from

---

[3] The Corwin Parties argue that their filing of a proof of claim should not be deemed consent to the bankruptcy court's jurisdiction, notwithstanding language in *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990): "by filing a claim against a bankruptcy estate, the creditor triggers the process of allowance and disallowance of claims thereby subjecting himself to the bankruptcy court's equitable power." The Court need not pass on this argument because it concludes that the claims adjudicated by the bankruptcy court are core.

- 4 -

[her deceased husband's] estate." *Id.* at 1045. The Ninth Circuit held, *inter alia*, that Vickie Lynn Marshall's counterclaim, albeit compulsory, was noncore because "Pierce Marshall's defamation claim could be fully adjudicated without fully adjudicating Vickie Lynn Marshall's tortious interference claim." *Id.* at 1060. In other words, "her counterclaim was not an integral part of the claims allowance and disallowance process." *Id.* at 1059.

*Marshall* held that a counterclaim constitutes a core proceeding "only if the counterclaim is so closely related to the proof of claim that the resolution of the counterclaim is necessary to resolve the allowance or disallowance of the claim itself." *Id.* at 1058. In this case, the proofs of claim filed by the Corwin Parties included four claims by 13 Holdings for additional payments under the Seller Note. Gorilla's counterclaims asserted that the Corwin Parties breached the Asset Purchase Agreement, defrauded Gorilla, and made negligent misrepresentations to Gorilla, and that Gorilla had overpaid the Corwin Parties and was owed money in return. Clearly, resolution of Gorilla's claims that it had overpaid on the Seller Note and that Corwin had defrauded it and made negligent misrepresentations as part of the asset purchase transaction that gave rise to the Seller Note was necessary to resolve 13 Holdings' claim for additional payments under the Seller Note. All of the parties' claims and counterclaims arose out of the asset purchase transaction and the resulting contracts. The Corwin Parties have not shown Gorilla's counterclaims to be noncore under *Marshall*.

The Corwin Parties argue that "[u]nder Ninth Circuit law, the core determination must be made on a claim-by-claim basis," (Doc. 22 at 13), citing to *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004). Appellants misread *Dunmore*, which stands for the proposition that "[w]hen presented with a *mixture* of core and noncore claims, [the appellate court] must employ a claim-by-claim analysis to determine whether the bankruptcy court could enter a final order for that claim." *Id.* (emphasis added). This Court has not found a "mixture of core and noncore claims" in this case. Therefore, *Dunmore* is inapposite.

**IT IS ORDERED:**

1. The bankruptcy court's resolution of the core/noncore issue is affirmed.

2. Appellants shall file their opening brief on the remaining merits of this appeal

- 5 -

by **November 3, 2010**.  The response brief shall be filed by **November 24, 2010**, and the reply by **December 8, 2010**.

DATED this 14th day of October, 2010.

_____
David G. Campbell
United States District Judge