WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Gorilla Companies LLC, et al., <br><br> Debtors. <br><br> Robb M. Corwin; Jillian C. Corwin; and 13 Holdings, LLC, <br><br> Appellants, <br><br> vs. <br><br> Gorilla Companies LLC, <br><br> Appellee. | No. CV-10-01029-PHX-DGC <br><br> No. AP-09-00266-RJH <br> No. BK-09-02898-RJH <br> No. BK-09-02901-CGC <br> No. BK-09-02903-GBN <br> No. BK-09-02905-CGC <br><br> **ORDER** |

On March 22, 2010, the bankruptcy court entered final judgment in favor of Gorilla Companies LLC on the claims against it and on its own claims for breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, fraud, and unjust enrichment. Doc. 1 at 17-21; Appellants' Excerpt of Record Exhibit ("ER") 112. Gorilla was awarded more than $4.7 million in damages (including prejudgment interest) and nearly $1.8 million in attorneys' fees. *Id.* Robb and Jillian Corwin and 13 Holdings, LLC appealed to this Court. Doc. 1 at 12-16. In an order dated March 11, 2011, the Court affirmed in part and reversed in part. Doc. 75.

Appellants have filed a motion for rehearing pursuant to Rule 8015 of the Federal Rules of Bankruptcy Procedure.  Doc. 77.  The motion is fully briefed.  Docs. 78, 79. For reasons stated below, the motion will be granted in part and denied in part.[1]

## I. Legal Standard.

While Rule 8015 provides a mechanism for rehearing bankruptcy appeals, the rule does not set forth a standard of review.  Courts in this Circuit and others have looked to Rule 40 of the Federal Rules of Appellate Procedure for guidance.  *See In re Fowler*, 394 F.3d 1208, 1214 (9th Cir. 2005); *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003); *In re Lee*, 432 B.R. 212, 216 (D.S.C. 2010); *Rothrock v. Turner*, 435 B.R. 70, 77 (D. Me. 2010) (collecting cases).  That rule provides, in pertinent part, that the motion for rehearing "must state with particularity each point of law or fact that the [movant] believes the court has overlooked or misapprehended[.]" Fed. R. App. P. 40(a)(2).  If the court "finds that it has not considered an important aspect of the case, then a rehearing is warranted."  *McMullen v. Schultz*, 443 B.R. 236, 241 (D. Mass. 2011).  "A motion for rehearing 'is not a means by which to reargue a party's case or to assert new grounds for relief.'"  *Forrest Spicewood Dev., LLC*, No. 1:10cv096, 2011 WL 915174, at *1 (W.D.N.C. Mar. 3, 2011) (citation omitted); *see In re Hessco*, 295 B.R. at 375.

## II. Discussion.

Appellants seek a rehearing on two issues:  the viability of Gorilla's unjust enrichment claim and the propriety of the $57,986 EBITDA deduction for employee reclassification costs.  Doc. 77 at 2.  The Court will address each issue below.

### A. The Unjust Enrichment Claim.

The bankruptcy court found that the $1.4 million prepayment should be repaid under alternative legal theories:  fraud, breach of contract, and unjust enrichment.  ER 2

---

[1] The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78; Fed. R. Bank. P. 8012; *In re Branford Partners, LLC*, 2010 WL 3521907, at *1 (C.D. Cal. Sept. 6, 2010).

at 541, 599; ER 112 at 3480-41.  The Court reversed with respect to the fraud and breach of contract claims, but agreed with the bankruptcy court (ER 2 at 541) that where the contract itself does not explicitly require repayment of monies not due, the doctrine of unjust enrichment applies.  Doc. 75 at 8.

Because the parties' relationship was governed by contract, Appellants argue, the unjust enrichment claim necessarily fails.  Doc. 77 at 4-7.  Appellants made this same argument in their opening brief:  "Because a contract exists, the unjust enrichment judgment should be vacated."  Doc. 52 at 15-16 n.4.  The Court considered the argument, and continues in its view that the $1.4 million prepayment should be repaid under the doctrine of unjust enrichment.  *See U.S. Bank Nat'l Ass'n v. Casa Grande Regional Med. Ctr.*, No. CV 04-1707-PHXNVW, 2006 WL 1698288, at *6 (D. Ariz. June 16, 2006) (finding reimbursement of overpayment warranted on unjust enrichment claim where the parties' contracts in no way prohibited reimbursement and the claim did not seek to subvert any express contractual provision).  Appellants further argue that no evidence supports the "enrichment" element of the unjust enrichment claim (Doc. 77 at 7), but impermissibly make this argument for the first time in their motion for rehearing.  *See In re Hessco*, 295 B.R. at 375.  The motion for rehearing will be denied with respect to the unjust enrichment claim.

### B. The $57,986 EBITDA Deduction.

The Court affirmed the bankruptcy court's conclusion (ER 2 at 595) that no audit was required in order to make the $57,986 adjustment to EBITDA for the costs of reclassifying independent contractors to employees during the pre-closing period.  Doc. 75 at 11.  In so holding, the Court found that "Appellants do not dispute that no audit was performed because, on advice of counsel, the Board decided only two days after the closing date to reclassify all independent contractors to employees."  *Id.* (citing Doc. 70 at 22-23).  Appellants argue, correctly, that this factual finding is supported by no evidence.  Doc. 77 at 7-8.

Appellants have waived this evidentiary challenge, Gorilla contends, by failing to raise it in their appellate briefs.  Doc. 78 at 12.  To the contrary, Appellants specifically argued in their reply brief that "there is no evidence to support" the assertion that "there was a decision made by the Board of Managers[.]"  Doc. 74 at 17.

Gorilla asserts that the trial testimony of Gorilla CEO Brad Kramer establishes that "Gorilla converted all independent contractors to employees" (Doc. 78 at 12), but that testimony shows that the decision to reclassify was made not by the Board, but by Kramer himself.  *See* ER 1 at 36-42, 55-56.  Moreover, the reclassification occurred in July 2008 (*id.* at 41), more than a year after the closing period (*see* ER 10 at 982).  As previously explained (Doc. 75 at 10), costs associated with the reclassification of independent contractors to employees may be deducted from EBITDA only for the period prior to closing.  *See* ER 10 at 982.  The Court will grant the motion for rehearing with respect to the $57,986 EBITDA deduction.

**IT IS ORDERED:**

1.      Appellants' motion for rehearing (Doc. 77) is **granted in part** and **denied in part**.  The motion is granted with respect to the $57,986 adjustment to EBITDA for the costs of reclassifying independent contractors to employees and denied as to the unjust enrichment claim.

2.      The Court's March 11, 2011 order (Doc. 75) affirming in part and reversing in part the judgment entered by the bankruptcy court (Doc. 1 at 17-21; ER 112) is amended as follows:  The bankruptcy court's judgment is **reversed** with respect to the $57,986 adjustment to EBITDA for employee reclassification (*see* Doc. 75 at 13, ¶ 1).

Dated this 14th day of June, 2011.

_____
David G. Campbell
United States District Judge