**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Gorilla Companies LLC, et al.,<br><br>Debtors.<br><br>Robb M. Corwin; Jillian C. Corwin; and 13 Holdings, LLC,<br><br>Appellants,<br><br>vs.<br><br>Gorilla Companies LLC,<br><br>Appellee. | No. CV-10-01029-PHX-DGC<br>No. AP-09-00266-RJH<br>No. BK-09-02898-RJH<br>No. BK-09-02901-CGC<br>No. BK-09-02903-GBN<br>No. BK-09-02905-CGC<br><br>**ORDER** |

On March 22, 2010, the bankruptcy court entered final judgment in favor of Gorilla Companies LLC on the claims against it and on its own claims for breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, fraud, and unjust enrichment. Doc. 1 at 17-21; Appellants' Excerpt of Record Exhibit ("ER") 112. Gorilla was awarded more than $4.7 million in damages (including prejudgment interest) and nearly $1.8 million in attorneys' fees. *Id.* Robb

and Jillian Corwin and 13 Holdings, LLC appealed to this Court.  Doc. 1 at 12-16.  In an order dated March 11, 2011, the Court affirmed in part and reversed in part.  Doc. 75.

Appellants have filed an emergency motion for leave to file a motion for rehearing (Doc. 86) and a motion for expedited review of the emergency motion (Doc. 85). Appellants also have lodged a proposed motion for rehearing (Doc. 87), arguing that an intervening change in the law requires the Court to reconsider its October 14, 2010 order (Doc. 30) affirming the bankruptcy court's resolution of the core/noncore issue (Doc. 23-1).

A motion for rehearing under Rule 8015 of the Federal Rules of Bankruptcy Procedure must state with particularity each point of law or fact that the movant believes the court has overlooked or misapprehended.  *See In re Fowler*, 394 F.3d 1208, 1214 (9th Cir. 2005); *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003); Fed. R. App. P. 40(a)(2).  If the court "finds that it has not considered an important aspect of the case, then a rehearing is warranted."  *McMullen v. Schultz*, 443 B.R. 236, 241 (D. Mass. 2011).  The Court finds that the purported change in the law, that is, the Supreme Court's recent decision in *Stern v. Marshall*, --- S. Ct. ----, 2011 WL 2472792 (June 23, 2011), is sufficient to allow Appellants to file the proposed motion for rehearing (Doc. 87).  The Clerk will be directed to file the lodged motion for rehearing.  The Court will deem the motion as being timely filed, which will toll the deadline for filing a notice of appeal. *See* Fed. R. Bankr. P. 8015.

**IT IS ORDERED:**

1. Appellants' motion for expedited review (Doc. 85) and emergency motion for leave to file motion for rehearing (Doc. 86) are **granted**.

2. The Clerk is directed to file the lodged proposed motion for rehearing (Doc. 87).

3. Gorilla shall have until **July 15, 2011** to file a response to the motion for rehearing. The response shall not exceed ten pages. Appellants shall file a reply, of no more than five pages, by **July 22, 2011**.

Dated this 1st day of July, 2011.

_____
David G. Campbell
United States District Judge