**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Gorilla Companies LLC, et al.,<br><br>　　　　Debtors.<br>_____<br><br>Robb M. Corwin; Jillian C. Corwin; and<br>13 Holdings, LLC,<br>　　　　Appellants,<br>vs.<br>Gorilla Companies LLC, et al.,<br>　　　　Appellees.<br>_____ | No. CV-10-1029-PHX-DGC<br><br>No. AP-09-00266-RJH<br>No. BK-09-02898-RJH<br>No. BK-09-02901-CGC<br>No. BK-09-02903-GBN<br>No. BK-09-02905-CGC<br><br>**ORDER** |

Appellants Robb and Jillian Corwin and 13 Holdings, LLC (collectively, the "Corwin Parties") have filed a motion for rehearing. Doc. 90. The motion is fully briefed, and no party has requested oral argument. For reasons that follow, the Court will deny the motion and allow the Bankruptcy Court to resolve issues raised by the motion in the first instance.

**I.  Background.**

Gorilla Companies LLC had sued the Corwin Parties in state court, and the Corwin Parties counterclaimed. Doc. 22 at 6-7. In the midst of the state proceedings, Gorilla filed for bankruptcy. *Id.* at 7. The Corwin Parties filed proofs of claim, including two claims by Robb Corwin and a claim by 13 Holdings, and Gorilla filed counterclaims that paralleled Gorilla's original state-law claims. *Id.* at 7-8. According to the Corwin Parties, Gorilla's

counterclaims were "related to the Seller Note" and were "not necessary to determine Robb Corwin's proofs of claim related to a non-competition clause and consulting agreement." *Id.* at 5:12-15. The Bankruptcy Court adjudicated the proofs of claim and counterclaims as core proceedings, and entered judgment. On July 16, 2010 the Corwin Parties appealed the judgment. Doc. 22.

One of the issues on appeal was whether the Bankruptcy Court erred in entering judgment against the Corwins on Gorilla's counterclaims. *Id.* at 5:12-15. Appellants advanced two alternative theories: (1) the Corwin Parties' proofs of claim should be deemed "defensive" under *In re Castlerock Properties*, 781 F.2d 159 (9th Cir. 1986), and any counterclaims asserted against them could not be deemed "core" under 28 U.S.C. § 157(b)(2)(C) because defensive proofs of claim do not "arise under" Title 11 (Doc. 22 at 10-13); and (2) even if the Corwin Parties' proofs of claim arose under Title 11, Gorilla's counterclaims were noncore because they were not necessary to resolve the Corwin Parties' proofs of claim (*id.* at 13-14).[1]

On October 14, 2010, the Court rejected these theories, denied the appeal as to these grounds, and affirmed the Bankruptcy Court's resolution of core/noncore status. Doc. 30. As to the first ground, the Court held that *Castlerock* was distinguishable procedurally and therefore that the Corwin Parties' proofs of claim are not considered "defensive" under *Castlerock*. *Id.* at 3-4. As to the second ground, the Court held that Appellants failed to show Gorilla's counterclaims were noncore under *In re Marshall*, 600 F.3d 1037 (9th Cir. 2010). *Id.* at 5. The Court cited *Marshall* as holding that "a counterclaim constitutes a core

---

[1] The Corwin Parties also argued that pursuant to *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 54 (1982), Gorilla's state-law claims were noncore and merely "related to" the bankruptcy case – and that, therefore, the Bankruptcy Court could not enter a final judgment on those claims. Doc. 22 at 9-10. *Northern Pipeline* was a seminal case recognizing a constitutional distinction between "arising under" and "related to" claims. Appellants' reliance on this case in the briefing was merely to buttress their conclusion that counterclaims to defensive proofs of claim are noncore (*see* Doc. 22 at 10 n.4).

- 2 -

1 proceeding 'only if the counterclaim is so closely related to the proof of claim that the
2 resolution of the counterclaim is necessary to resolve the allowance or disallowance of the
3 claim itself.'" *Id.* (citing *Marshall*, 600 F.3d at 1058). The Court went on to find that
4 "resolution of Gorilla's claims that it had overpaid on the Seller Note and that Corwin had
5 defrauded it and made negligent misrepresentations as part of the asset purchase transaction
6 that gave rise to the Seller Note was necessary to resolve 13 Holdings' claim for additional
7 payments under the Seller Note." *Id.* The Court also observed that "[a]ll of the parties'
8 claims and counterclaims arose out of the asset purchase transaction and the resulting
9 contracts." *Id.*

10 The Corwins move for rehearing on the October 14, 2010 order under Rule 8015 of
11 the Federal Rules of Bankruptcy Procedure. Doc. 90. The Corwins argue that the Supreme
12 Court opinion recently issued in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), applied a new test
13 when determining the reach of a bankruptcy court's jurisdiction over counterclaims to proofs
14 of claim. *Id.* at 2. The Corwins argue that *In re Marshall* employed the "necessary to
15 resolve" test, holding that a counterclaim is core if the counterclaim is necessary or a
16 prerequisite to resolving a proof of claim, and that *Stern* employed a "necessarily resolves"
17 test, whereby the relevant inquiry is "whether ruling on a proof of claim resolves the
18 counterclaim." Doc. 90 at 4. To the extent *Stern* held that a bankruptcy court's entry of final
19 judgment on a counterclaim that fails the *Stern* test is unconstitutional, the Corwins argue,
20 it follows that the Bankruptcy Court in this case lacked jurisdiction – constitutionally rather
21 than statutorily – to enter judgment against the Corwins. *Id.* at 5.

22 The Corwins appear to argue that resolution of Robb Corwin's two proofs of claim
23 against Gorilla did not necessarily resolve Gorilla's unjust enrichment claim – the latter being
24 the only claim affirmed by this Court. *Id.* at 5-6. They suggest that Gorilla had to satisfy
25 additional elements to establish unjust enrichment – and the same would have been the case
26 had the Bankruptcy Court granted Corwin's proofs of claim. *Id.* at 6-7. As a result,
27 resolving Corwin's proofs of claim did not necessarily resolve Gorilla's unjust enrichment
28 claim and the Corwins therefore were entitled to an Article III court's ruling on the claim.

1  *Stern* framed its holding with regard to the unconstitutionality of § 157(b)(2)(C) as
2  applying in "one isolated respect" – where a bankruptcy court "enter[s] a final judgment on
3  a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of
4  claim." 131 S. Ct. at 2620. The Court is not persuaded by Gorilla's contention that *Stern*
5  upheld *Marshall* and therefore worked no change in the law. Doc. 95 at 7-10. The tests in
6  *Stern* and *Marshall* are different, albeit in a nuanced fashion, and *Stern* merely upheld the
7  judgment below rather than the entire rationale. *Stern*, 131 S. Ct. at 2620 ("Accordingly, the
8  *judgment* of the Court of Appeals is affirmed." (emphasis added)). Nor is the Court
9  persuaded by Gorilla's suggestion that the change was not significant. Doc. 95 at 10. The
10 Supreme Court itself suggested that the distinction was significant. *Stern,* 131 S. Ct. at 2620
11 ("If our decision today does not change all that much, then why the fuss? Is there really a
12 threat to the separation of powers where Congress has conferred the judicial power outside
13 Article III only over certain counterclaims in bankruptcy? The short but emphatic answer
14 is yes."). *Stern* found § 157(b)(2)(C) unconstitutional as applied to compulsory
15 counterclaims that, although deemed core under the statute because they are necessary to
16 resolve proofs of claim, are nonetheless not decided in resolving the proofs of claim.

17 The flaw in the Corwins' argument for rehearing is the assumption that the
18 jurisdictional anchor was solely Robb Corwin's proofs of claim. The Court concluded that
19 Gorilla's counterclaims were core after finding that the counterclaims were "necessary to
20 resolve 13 Holdings' claim." Doc. 30 at 5. The Corwins devote only a footnote to this
21 aspect of the Court's ruling, asserting that "[t]o the extent the Court found core jurisdiction
22 against the Corwins based on the proof of claim submitted by 13 Holdings, a separate legal
23 entity, this is no longer constitutionally permissible under *Stern*." Doc. 90 at 6 n.2. The
24 Corwins do not elaborate other than to point to a passage in *Stern* that cites to *Travelers*
25 *Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 451 (2007),
26 but the Court cannot discern the basis for the Corwins' argument either from the cited portion
27 of *Stern* or the cited portion of *Travelers*.

28

The Corwins may be arguing that because Robb Corwin's proofs of claim were not the anchor claim for subject matter jurisdiction over Gorilla's counterclaim, the judgment of an Article I court cannot bind the Corwins. *Cf.* Doc. 96 at 4 (citing the same passage as the motion). But this argument is not addressed in any detail in the Corwins' motion. Nor do the Corwins address whether Gorilla's counterclaim is core under the *Stern* analysis as a counterclaim to the 13 Holdings' proof of claim, nor whether this Court's affirmance of the unjust enrichment judgment cures any alleged constitutional defect.

Because it appears to the Court that the validity of the Corwins' argument depends on matters not addressed in their briefing or Gorilla's response, the Court exercises its discretion to deny the motion for rehearing. The Corwins may raise the jurisdictional issue below and the Bankruptcy Court can address its jurisdiction. If such analysis occurs and is appealed, the Bankruptcy Court's conclusions might aid this Court's review.

**II.     Motion for Entry of Mandate or for Stay of Bankruptcy Proceedings.**

The Corwin Parties have filed a motion requesting that the Court not issue its mandate until 30 days after having ruled on the motion for rehearing, or, in the alternative, stay proceedings in the Bankruptcy Court for 30 days following the ruling on the motion for rehearing. Doc. 97. The Corwin Parties seek this relief in order to have sufficient time to file a notice of appeal and adequately respond to Gorilla's motion for entry of judgment filed in the Bankruptcy Court. No response has been filed, and the time for doing so has expired. The Court will grant the motion to the extent the Corwin Parties request a 30-day stay in the Bankruptcy Court. *See* LRCiv 7.2(i); Fed. R. App. P. 41(b).

**IT IS ORDERED:**

1.     The Corwins' motion for rehearing (Doc. 90) is **denied** as stated above.

2. The Corwin Parties' motion for entry of mandate, or in the alternative, to stay all proceedings in the bankruptcy court for 30 days after ruling on the motion for rehearing (Doc. 97) is **granted in part** and **denied in part**. The motion is granted with respect to the request for a 30-day stay in the Bankruptcy Court. The motion otherwise is denied.

DATED this 8th day of September, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge