WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Gorilla Companies LLC, et al.,<br><br>　　　　　　　　Debtors.<br><br>Robb M. Corwin; Jillian C. Corwin; and 13 Holdings, LLC,<br><br>　　　　　　　　Appellants,<br>vs.<br><br>Gorilla Companies LLC,<br><br>　　　　　　　　Appellee. | No. CV10-1029-PHX-DGC<br><br>**ORDER** |

Appellants Corwin, et al. ("Corwin") and Appellees Gorilla Companies LLC, et al. ("Gorilla") have both filed motions for attorneys' fees incurred in this bankruptcy appeal. Docs. 83, 88. The motions have been fully briefed. Docs. 83, 84, 88, 103-106. Gorilla's request for oral argument is denied. Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure, the Court finds that the facts and legal arguments have been adequately presented and that the decisional process would not be significantly aided by oral argument. For the reasons below, the Court will grant Corwin's motion in part and deny Gorilla's motion.

**I.     Jurisdiction and Applicable Law.**

The trial court has discretion to determine the successful party entitled to an award

of attorneys' fees when there are multiple claims brought with varied success against a defendant and both parties seek attorneys' fees. *Schwartz v. Farmers Ins. Co.*, 800 P.2d 20, 25 (1990); *see also Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1060 (9th Cir. 2001) (requiring a nuanced approach to the prevailing party determination and holding that the trial court had discretion to determine the prevailing party on a practical level) (citations omitted). This Court is the proper court to decide the motions for attorneys' fees incurred on appeal, rather than the bankruptcy court. *See In re Schugg*, 2009 WL 1635379, at *1, CV-07-1962-PHX-JAT (D. Ariz. June 11, 2009).

Rule 8001-1 of the Local Rules of Bankruptcy Procedure for the District of Arizona provides that, "[f]or local rules governing appeals to the District Court, see the Local Rules of Practice of the District Court for the District of Arizona." Rule 54.2 of the Local Rules of Civil Procedure will govern the parties' motions for attorneys' fees.

**II.  Background.**

The bankruptcy court entered final judgment on March 22, 2010 in favor of Gorilla on the claims made against it by Corwin and on its own claims for breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, fraud, and unjust enrichment based on Gorilla's prepayment of a seller note. Doc. 1, at 17-21. The bankruptcy court awarded Gorilla more than $4.7 million in damages and nearly $1.8 million in attorneys' fees. *Id.*

Corwin appealed to this Court. Doc. 1, at 12-16. In an order dated March 11, 2011, the Court reversed the bankruptcy court's judgment with respect to (1) Gorilla's claims for fraud, negligent misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing, (2) the awards of $1 million in lost profits and $1,742,034.15 in attorneys' fees, costs, and related non-taxable expenses, and (3) the $203,429 deduction from the EBITDA calculation for employee reclassification for the post-closing period. Doc. 75, at 13. The Court affirmed the bankruptcy court's judgment on Gorilla's claim for unjust enrichment and, with respect to the EBITDA

calculation, the $297,328 depreciation expense, the $177,000 NFL invoice, and the $57,986 for employee reclassification during the pre-closing period. *Id.*

Corwin filed a motion for rehearing on two issues: the viability of Gorilla's unjust enrichment claim and the propriety of the $57,986 EBITDA deduction for employee reclassification costs. Doc. 77, at 2. On June 14, 2011, the Court granted Corwin's motion with respect to the EBITDA deduction and denied the motion with respect to the unjust enrichment claim.

### III.     Prevailing Party.

The parties do not dispute that the Court reversed the bankruptcy court's findings on breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation, in favor of Corwin. Docs. 83, at 3; 88, at 3. The parties further agree that the Court affirmed the unjust enrichment claim in favor of Gorilla. Docs. 83, at 2; 88, at 3. Both Corwin and Gorilla claim that, based on these rulings, they are entitled to attorneys' fees as the prevailing party in this appeal for purposes of the fee shifting provision of their contract. Docs. 84, at 7; 88, at 2 (citing ER Ex. 10). Gorilla claims that, alternatively, it is entitled to attorneys' fees under A.R.S. § 12-341.01. Doc. 83, at 5.

#### 1.     The Asset Purchase Agreement.

Section 7.4 of the parties' Asset Purchase Agreement ("APA") provides:

> If any action or proceeding relating to this Agreement or the enforcement of any provision of this Agreement is brought against any party hereto, the prevailing party shall be entitled to recover attorneys' fees, costs and disbursements (in addition to any other relief to which the prevailing party may be entitled).

Docs. 84, at 7; 88, at 2 (citing ER Ex. 10). Gorilla argues that the seller note is part of the APA, would not exist but for the APA, and that, notwithstanding the Court's ruling on the other claims, Gorilla is the prevailing party because the other claims sought the same relief that it obtained through its unjust enrichment claim. Doc. 84, at 9. Corwin argues

- 3 -

that an unjust enrichment claim cannot be related to the APA and that it is the prevailing party on appeal because the Court found in its favor on the overwhelming majority of the issues. Doc. 88, at 3.

The Court must first determine whether the unjust enrichment claim is "related" to the APA within the meaning of the fee shifting provision. The Court disagrees with Corwin's assertion that "an unjust enrichment claim cannot lie where a contract touches on the same subject matter." Doc. 88, at 3 (citing *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169 (1976)). The language in *Brooks* is "misleadingly overbroad." *Adelman v. Christy*, 90 F. Supp. 2d 1034, 1045 (D. Ariz. 2000). The mere existence of a contract governing the dispute does not automatically invalidate an unjust enrichment theory. Unjust enrichment is unavailable to a party only if that party has already received the benefit of the contractual bargain. *Id.* Here, Gorilla was free to pursue a claim for unjust enrichment. *See, e.g.*, *USLife Title Co. v. Gutkin*, 732 P.2d 579, 585 (Ariz. App. 1986). It is not a foregone conclusion that the unjust enrichment claim was not "related" to the APA.

The Court agrees with Gorilla that the seller note would not exist but for the APA. Doc. 84, at 9. The Court found, however, that Gorilla had no breach of contract claim related to the seller note. It reversed the bankruptcy court's judgment on breach of contract because Corwin never promised, contractually or otherwise, that the prepayment on the seller note was refundable. Doc. 75, at 8. The Court affirmed the judgment on the unjust enrichment claim as an equitable remedy independent of Gorilla's contractual claim. *Id.*; *see also* Doc. 104, at 3. Therefore, the unjust enrichment claim is not related to the APA for purposes of the fee shifting provision, and Gorilla cannot recover attorneys' fees under the APA. Furthermore, an award of attorneys' fees to Gorilla would be inappropriate given that it did not prevail on the substance of its contractual claim.

The parties do not dispute that Gorilla's claims for fraud, negligent misrepresentation, breach of contract, and breach of the implied covenant of good faith

and fair dealing are related to the APA. The APA's fee shifting provision is therefore relevant to these claims. The Court reversed the judgment on these claims, in favor of Corwin. Doc. 75, at 13. For the purpose of the parties' motions for attorneys' fees, it is irrelevant that the Court did not reverse the bankruptcy court's findings that Corwin made misrepresentations, and found instead that Gorilla did not reasonably rely on the misstatements. *Cf.* Doc. 83, at 3. It is significant only that Gorilla did not ultimately prevail on its breach of contract claim. Since Corwin is the prevailing party in this court with respect to the claims related to the APA, it is entitled to attorneys' fees pursuant to the fee shifting provision of the parties' agreement. *See, e.g.*, *Heritage Heights Home Owners Ass'n v. Esser*, 565 P.2d 207, 210 (Ariz. App. 1977) ("Contracts for payment of attorneys' fees are enforced in accordance with the terms of the contract") (internal citation omitted).

### 2. A.R.S. § 12-341.01.

Gorilla advances an alternative theory for attorneys' fees based on A.R.S. § 12-341.01, which provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Doc. 83, at 5. In determining whether Gorilla's unjust enrichment claim arose out of the parties' contract, the Court will consider "whether the claim for unjust enrichment would exist but for a breach of a contract." *See Schwab Sales, Inc. v. GN Construction Co.*, 992 P.2d 1128, 1132 (1998). If Gorilla's claim would not exist but for the contract, then the claim may be characterized as arising out of the contract and § 12-341.01 applies. *Id.* Otherwise, if the claim is based on an alleged breach of duties implied by law, rather than by an express contract or one implied by the facts, it is unlikely that the claim arises out of contract. *Id.*

As discussed above, the Court found that Corwin did not breach the contract because it never promised, "contractually or otherwise, that the $1.4 million prepayment on the seller note was refundable." Doc. 75, at 8. In so doing, the Court also rejected the bankruptcy court's theory of an implicit right to repayment, noting the absence of any

supporting contractual provision. *Id.* Yet the Court affirmed the unjust enrichment judgment in favor of Gorilla. Doc. 75, at 13. This indicates that Gorilla's unjust enrichment claim was distinct from its breach of contract claim and existed independent of the contract as an equitable remedy. The Court concludes that the unjust enrichment claim is neither based on the parties' express contract nor any contract implied by the facts, and that Gorilla cannot recover attorneys' fees under A.R.S. § 12-341.01.

**IV. Reasonable Fees.**

In total, Corwin seeks $237,669.75 in fees related to the appeal. Doc. 88, at 4-5. It breaks its request into four phases of the appeal, which the Court will consider separately.

First, Corwin seeks $54,069.25 for reviewing the bankruptcy record, preparing for the appeal, and seeking to bifurcate the core jurisdiction issue. Although the Court granted Corwin's motion to bifurcate the appeal, Corwin was ultimately unsuccessful on the core jurisdiction issue because the Court affirmed the bankruptcy court's authority to enter a final judgment. Doc. 30. The Court agrees with Gorilla that Corwin is not entitled to recover fees related to the bifurcation and core jurisdiction issue. *See* Doc. 103, at 8. Gorilla has supplied a list of itemized fees that Corwin requests from the first phase relating to bifurcation or core jurisdiction. Doc. 103-1, at 3-4. Upon an independent review of Corwin's billing records, the Court finds that $32,387.40 of the bill in this first phase is related to bifurcation and core jurisdiction. To the extent that multiple tasks are lumped into one line item on the bill (e.g., entry dated 5/18/2010, Doc. 88-1, at 9), the Court conservatively included that amount as a bifurcation and core jurisdiction expense. The Court will deduct the bifurcation and core jurisdiction expenses from the total amount that Corwin seeks from the first phase and grant $21,681.85.

Second, Corwin seeks $42,947.00 for briefing the Court on the core jurisdiction issue. Because Corwin was unsuccessful in challenging the bankruptcy court's jurisdiction, the Court will deny these fees.

Third, Corwin seeks $105,376.50 for briefing the merits of the appeal. Because Corwin is the prevailing party on appeal with respect to the substantive claims related to the APA, it is entitled to attorneys' fees pursuant to the fee shifting provision of the parties' agreement. The Court will grant these fees.

Fourth, Corwin seeks $35,277.00 in connection with its motion for rehearing on the unjust enrichment claim and the EBITDA adjustment. Corwin was successful on the adjustment to EBITDA, but was unsuccessful with respect to the unjust enrichment claim. Doc. 82, at 4. Since the Court finds that Corwin was primarily unsuccessful on its motion for rehearing, the Court will deny these fees.

**IT IS ORDERED:**

1. Appellees' motion for attorneys' fees (Doc. 83) is **denied**.

2. Appellants' motion for attorneys' fees (Doc. 88) is **granted** in part, pursuant to the parties' Asset Purchase Agreement.

3. Appellants are awarded **$127,058.35** in attorneys' fees.

Dated this 14th day of November, 2011.

David G. Campbell
United States District Judge